# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| J.D. HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>BD VENTURES, LLC, *et al.*,<br><br>    Defendants. | Civil Action No. 09-02085 (BAH)<br>Judge Beryl A. Howell |

## MEMORANDUM OPINION

Plaintiff J.D Holdings, LLC, a North Carolina company, filed this breach of contract action against three defendants on November 5, 2009. The defendants are BD Ventures, LLC, which is a Washington, D.C. company, and the defendant company's co-owners, Christian Laettner, who is a resident of Florida, and Brian Davis, a resident of Washington, D.C. Despite having been properly served within days of plaintiff's filing, none of the defendants made an appearance. Presently before the Court is plaintiff's Motion for Entry of Judgment Against All Defendants, pursuant to Federal Rules of Civil Procedure 54 and 55(b). For the reasons set forth below, the Court grants plaintiff's motion and issues judgment against the defendants.

## BACKGROUND

In November 2006, the plaintiff loaned $500,000 to the defendants for the development and maintenance of real property in Baltimore, Maryland. Compl. ¶ 10. This loan was memorialized in a signed promissory note, dated November 1, 2006, in which the defendants promised to repay the plaintiff, with interest, beginning on February 1, 2007. *Id.* at ¶ 11; Compl. Ex. A (Promissory Note, ¶ 2).

1

Two years later, on December 1, 2008, the plaintiff and the defendants agreed to amend the terms of the promissory note. In exchange for extending the maturity date of the loan to July 1, 2009, Messrs. Laettner and Davis personally guaranteed performance of the note. *See* Compl. Ex. B (Amendment to Promissory Note, ¶ C).

The defendants failed to meet their obligations under the amended promissory note, and have not repaid the plaintiff's loan. On July 2, 2009, the plaintiff provided the defendants with a written notice of default, Compl. ¶ 13-14, and then filed a complaint in this Court on November 5, 2009, alleging breach of contract and seeking actual damages, accrued interest compounded quarterly, and attorney's fees. The plaintiff properly served Mr. Davis on November 6, 2009, Mr. Laettner on November 10, 2009, and BD Ventures, LLC on November 12, 2009. Certificates of Service, ECF Nos. 3, 4. The defendants, however, have filed no appearance before the Court.

On May 13, 2010, more than six months after filing the complaint, the plaintiff notified the Court that "[r]ather than move for entry of default and for a default judgment, JD Holdings instead initiated discussions with Defendant Laettner for the purpose of attempting to settle this matter without judicial intervention." Pl.'s Notice, dated May, 13, 2010, ¶ 3, ECF No. 6. The plaintiff stated that a final settlement would likely be reached in the near future. *Id*. at ¶ 6.

Three weeks later, on June 3, 2010, the plaintiff filed a Notice of Settlement, stating that it had entered into a Settlement Agreement with Messrs. Davis and Laettner under which these defendants would begin repaying the plaintiff's loan by July 1, 2010. Pl.'s Notice, dated June 3, 2010, ECF No. 7. BD Ventures was not a party to this agreement, but was a third-party beneficiary. Under the terms of the settlement agreement, the plaintiff was not required to

dismiss this lawsuit until three days after receipt of first payment. Pl. Mot. Default J., ECF No. 8, Ex. B (Affidavit of Ugo Colella in support of Pl. Mot. For Entry of J. Against All Defendants, dated August 2, 2010 (hereafter "Colella Aff"), Exhibit B at ¶ 1). The settlement agreement also required Messrs. Davis and Laettner to execute a "Confession of Judgment" in the event that they failed to meet their obligations under the terms of the settlement. The confession of judgment provision states:

> To secure payment of the Settlement Amount, simultaneously with the execution of this Agreement, Laettner and Davis shall execute a Confession of Judgment in favor of JD Holdings, representing the total amount of Plaintiff's claims against Defendants prior to settlement of five hundred thousand dollars ($500,000.00) plus accrued interest (**"Full Amount Claimed"**) and attorneys' fees and costs. Defendants acknowledge that, in the event of a Default under this Agreement (defined in Paragraph 5), Laettner and Davis will be liable to JD Holdings for the outstanding balance of the Full Amount Claimed after application of any payments made by Laettner and Davis pursuant to this Agreement, plus interest and reasonable attorneys' fees and costs.

Colella Aff., Ex. B at ¶ 3. According to the plaintiff, in accordance with this provision of the Settlement Agreement, Messrs. Davis and Laettner authorized a "Confession of Judgment," which states, in pertinent part:

> Defendants Davis and Laettner acknowledge and agree that if they fail to make the First Installment, they shall confess to a judgment in favor of JD Holdings in the amount of $500,000.00, plus accrued interest dating back to December 1, 2008 and JD Holdings' attorneys' fees and costs incurred to prosecute the Litigation (as defined in the Settlement Agreement).

Colella Aff., Ex. B, Confession of Judgment, at ¶¶ 5, 7. The confession expressly provides that Messrs. Davis and Laettner "are giving up the right to any notice or opportunity to be heard prior to the entry of this confessed judgment in favor of JD Holdings and prior to garnishment and attachment of bank accounts and other assets of Defendants," and that plaintiff "may garnish and attach the bank accounts and other assets (whether personal property or other assets) of Defendants Davis and Laettner without prior notice or opportunity for a hearing." *Id.* at ¶ 7. Messrs. Davis and Laettner additionally acknowledged that the "laws of the District of Columbia

3

control interpretation of this confessed judgment." *Id.* at ¶ 11. In the event that Messrs. Davis and Laettner were in default of the Settlement Agreement, the Court was "to enter this confessed judgment in favor of JD Holdings and against Defendants Davis and Laettner without the need for them to be served with process or appear before the Court." *Id*. This "Confession of Judgment" does not appear separately as a filing on the docket sheet of this case.

Thereafter, Messrs. Davis and Laettner failed to meet the terms of the Settlement Agreement and are now in default. Accordingly, on August 2, 2010, the plaintiff moved for default judgment against all defendants, in the amount of $600,000, with interest accruing in the amount of $166.67 per day, plus attorneys' fees and cost totaling $71,309.74, for a total judgment of $671, 309.74. *See* Pl. Mot. Default J., ECF No. 8, Ex. A (Affidavit of Marlon Cook, ¶¶ 2,4,5), Ex. B (Colella Aff. at ¶ 16). Service of the instant motion was made on counsel for the defendants on August 2, 2010. Certificate of Service, August 2, 2010, ECF No. 8. In the intervening six months, the defendants have filed no response.

## DISCUSSION

The plaintiff requests (1) a default judgment pursuant to Federal Rule of Civil Procedure 55(b) against defendant BD Ventures, LLC; and (2) a judgment by confession pursuant to Federal Rule of Civil Procedure 54 against defendants Christian Laettner and Brian Davis.[1]

1. *Default Judgment Against BD Ventures*

Federal Rule of Civil Procedure 55(b)(2) allows the Court to consider default judgment when a party files a motion for that relief. FED. R. CIV. P 55. The Court "strongly favor[s] resolution of disputes on their merits, but default judgment is available when the adversary

---

[1] At the outset, the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and venue is proper under 28 U.S.C. § 1391.

process has been halted because of an essentially unresponsive party." *Cumis Ins. Society, Inc. v. Billups*, No. 10-1478, 2010 WL 4384228, at *2 (D.D.C. Nov. 4, 2010) (internal quotations omitted). Default judgment is appropriate if defendants are "totally unresponsive" and the failure to respond is "plainly willful, as reflected by [the parties'] failure to respond either to the summons and complaint, the entry of default, or the motion for default judgment." *Id*. (quoting *Gutierrez v. Berg Contracting Inc.,* No. 99-3044, 2000 WL 331721, at *1 (D.D.C. March 20, 2000)). When there is an "absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense, it is clear that the standard for default judgment has been satisfied." *Int'l Painters and Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (internal quotations omitted).

Defendant BD Ventures entered into a promissory note with the plaintiff on November 1, 2006, and the parties subsequently amended that agreement on December 1, 2008. Plaintiff alleges that BD Ventures failed to abide by the terms of the amended agreement. Defendant BD Ventures has not appeared to contest that allegation. The settlement agreement among the parties makes clear that plaintiff's claim against BD Ventures would only be released if defendants Davis and Laettner repaid the loan according to the established schedule. Defendants Davis and Laettner have failed to perform their obligations under the agreement. Plaintiff's claim against defendant BD Ventures remains viable and, because this defendant has utterly failed to respond to this legal claim, the Court grants plaintiff's motion for default judgment against defendant BD Ventures.

2. *Judgment By Confession*

Although the failure of defendants Davis and Laettner to appear to contest this action would be sufficient grounds to enter a default judgment against them, as well as BD Ventures,

under Federal Rule of Civil Procedure 55(b)(2), the plaintiff seeks a "judgment by confession" pursuant to Federal Rule of Civil Procedure 54. A confession judgment is "an ancient legal device by which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing." *Boosalis Options, LP v. Farnbacher Loles Motorsports, LLC*, No. 09-80316, 2010 U.S. Dist. LEXIS 12118, at *2 (N.D. Cal. Jan. 22, 2010) (citing *D.H. Overmyer Co. v. Frick Co.,* 405 U.S. 174, 176 (1972)). The Federal Rules of Civil Procedure do not refer to this device, and courts have found that confession judgments are not authorized in Federal courts to circumvent the filing of a complaint, summons, and service. *Id.* at *3. In this case, however, the plaintiff filed a complaint and has tried for over a year to no avail to obtain judgment from the defendants.

A judgment by confession is a "product" of state law and has no counterpart in the Federal rules. *See FDIC v. Deglau*, 207 F.3d 153, 159 (3d Cir. 2000) ("Judgment by confession is a product of state law, having no analog in the federal rules . . . the state's Rules of Civil Procedure prescribe the procedures and filing prerequisites for obtaining confessed judgments . . . ," quoting *Antipas v. 2102, Inc.,* No. 98-cv-1145, 1998 WL 306537, at *1-2 (E.D. Pa. June 9, 1998)). The Court must therefore look to the District of Columbia's rules of civil procedure. *Id.* Confession judgments are valid in the District of Columbia, and therefore that form of relief is available to the plaintiff in this Court. *See* D.C. SUP. CT. R. CIV. P. 68-I(c)-(d); *see also Stambler v. Holt*, No. 92-0582, 1992 WL 165985, at *1 (D.D.C. July 06, 1992) ("The Supreme Court has upheld the constitutionality of entering judgments by confession under certain factual situations." (citing *D.H. Overmyer Co*, 405 U.S. at 187)). Courts may enforce confession judgments when parties are "sophisticated business persons" or have not raised a valid defense. *See id*.; *see also Costin v. Hollywood Credit Clothing Co.*, 140 A.2d 696, 698 (D.C. 1958) (confession judgments

6

should be "scrutinized with care" because of the possibility of "fraud and injustice," but are binding when they are "voluntarily and intelligently signed . . . and [a party] authorized its filing, knowing that the effect of it would be a judgment against [the party].").

In this case, Messrs. Davis and Laettner entered into a settlement agreement with the plaintiff, and appear to have done so with assistance of an attorney. *See* Colella Aff., Exs. C-E (emails between plaintiff's counsel and Antonio M. Barros, Jr. of Sullivan, Styles, & Barros, LLP). The parties' settlement agreement stated that "Defendants Davis and Laettner are fully aware that, by authorizing confession of judgment, Defendants Davis and Laettner are giving up the right to any notice or opportunity to be heard prior to the entry of this confessed judgment in favor of JD Holdings. . . ." Colella Aff., Ex. B, Confession of Judgment, at §7. Moreover, despite notice of these legal proceedings, the defendants have failed to appear to contest the motion for default judgment or raise alternate defenses. *See Costin*, 140 A.2d at 698 ("There is the further fact that [an individual] was served with process in the action and he never appeared to contest the action or to seek to vacate the confession judgment. We cannot hold that the judgment against him was void."). The Court concludes, therefore, that the plaintiff is entitled to a default judgment in the amount reflected in the settlement agreement and confession judgment.

## CONCLUSION

For the reasons set forth above, the Court grants the plaintiff's motion for default judgment against BD Ventures, LLC and confession judgment against Brian K. Davis and Christian Laettner in the total amount of **$671, 309.74**.[2] The plaintiff may provide to the Court

---

[2] Under Fed.R.Civ.P. 55(b)(2), the court may conduct hearings to effectuate the judgment if "it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." In this case, such a hearing is unnecessary; the Court may rely on the undisputed, detailed affidavits and other documentary materials in the record to ascertain the sum to be awarded in judgment. *See Int'l Painters and Allied Trades Indus. Pension Fund,* 531 F. Supp. 2d at 58 (citing *Flynn v. Mastro Masonry Contractors*, 237 F. Supp. 2d 66, 69 (D.D.C. 2002).

7

within ten (10) days of this order any additional amounts due to the plaintiff, as a result of the defendants' breach of the amended promissory note, for attorneys' fees and accumulated interest since the last computation as reflected in the August 2, 2010 motion. A separate Order of Judgment accompanies this Memorandum Opinion.

February 23, 2011

/s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge